IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 93-2016

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RAY ALTAMIRANO,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

( December 20, 1993 )

Before WISDOM, HIGGINBOTHAM, and JONES, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

The district court imposed a probated fine. It also adopted a presentence report suggesting that the defendant had no present or future ability to pay a fine. The defendant contends that the district court lacked authority to probate a fine and in any event should not have done so because he had no present or anticipated ability to pay. We conclude that inability to pay is not an absolute barrier to a fine. We also conclude that the district court had no authority to probate the fine. We vacate the probated fine and remand for resentencing to give the district court the chance to reconsider the propriety or amount of the fine.

I.

Michael Altamirano pleaded guilty to a drug offense. The district court sentenced him to 60 months in prison, 5 years of supervised release, a $50 special assessment, and a $50,000 probated fine. The PSR stated that Altamirano resided in jail, had no job or assets, had an eighth grade education, and had performed menial tasks at various restaurants. It made no recommendation on imposing a fine.

II.

There are some general starting points. A sentencing court cannot constitutionally enhance the jail sentence of an indigent person beyond the statutory maximum because he cannot afford to pay a fine. Williams v. Illinois, 399 U.S. 235, 242-43 (1970). Similarly, a state cannot convert a fine imposed under a fine-only statute into a jail term solely because the defendant cannot pay. Tate v. Short, 401 U.S. 395, 399 (1971). More recently, the Court expanded this principle in Bearden v. Georgia, 103 S.Ct. 2064 (1983). The Court held that a district court cannot revoke probation for failure to pay a fine unless it finds that probationer willfully refused to pay, that probationer did not make sufficient bona fide efforts legally to acquire adequate financial resources, or that another sanction would not serve the state's interests in punishment and deterrence. Id. at 2073.

The Sentencing Guidelines express similar sensitivity to indigency, requiring a fine unless the defendant establishes that he cannot pay and is not likely to become able to pay. U.S.S.G.

2

§ 5E1.2(a) (Nov. 1992).  After determining that a defendant can pay, a court may consider the factors in U.S.S.G. § 5E1.2(d) (Nov. 1992) to determine the fine's place within the guideline range. Under U.S.S.G. § 5E1.2(d) (Nov. 1992), a court again must consider the defendant's ability to pay in light of his earning capacity and financial resources.  U.S.S.G. § 5E1.2(d)(2) (Nov. 1992).

Neither the Constitution, nor applicable sentencing statutes and guidelines, however, categorically prohibit a court from ever imposing a fine after the defendant has proven his inability to pay.  United States v. Voda, 994 F.2d 149, 154 n.13 (5th Cir. 1993).  The Court recognized this fact in Williams:  "[N]othing we now hold precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law."  399 U.S. at 243.  The Court echoed this sentiment in Bearden:  "A defendant's poverty in no way immunizes him from punishment."  103 S.Ct. at 2071.  Under this arrangement, sentencing courts consider a defendant's ability to pay only after the government unsuccessfully has attempted to collect the fine.  Voda, 994 F.2d at 154 n.13 (quoting United States v. Merritt, 639 F.2d 254, 257 (5th Cir. 1981)).

Similarly, isolated guidelines require sentencing courts to consider indigency in calculating a fine, but the guidelines, taken as a whole, do not prohibit sentencing courts from imposing fines on defendants who cannot pay.  U.S.S.G. §§ 5E1.2(a), 5E1.2(d)(2), 5E1.2(f) (Nov. 1992).  To be sure, U.S.S.G. § 5E1.2(a) (Nov. 1992) states that "[t]he court shall impose a fine in all cases, except

3

where the defendant establishes that he is unable to pay and is not likely to be able to pay a fine," but this provision must be read in light of the fact that indigency alone has never barred imposition of a fine and U.S.S.G. § 5E1.2(f) (Nov. 1992), which gives a sentencing court the discretion to lessen or waive a fine imposed on an indigent defendant.

Much of the confusion about the power of a sentencing court to fine a defendant who cannot pay rests with the contrasting language in U.S.S.G. § 5E1.2(a) and U.S.S.G. § 5E1.2(f). Taken together, U.S.S.G. § 5E1.2(a) and U.S.S.G. § 5E1.2(f) suggest that a court may fine a defendant who cannot pay, though it generally should not impose such a sanction.

The first guidelines did not include the language in U.S.S.G. § 5E1.2(a) (Nov. 1992) stating that a court shall impose a fine in all cases except where the defendant establishes that he cannot and will not be able to pay. Instead, that provision stated only that "[e]xcept as provided in subsection (f) below, the court shall impose a fine in all cases." U.S.S.G. § 5E1.2(a) (Nov. 1989). Subsection (f) stated that "[i]f the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine." U.S.S.G. § 5E1.2(f) (emphasis added).

4

The explicit prohibition against fining indigent defendants in U.S.S.G. § 5E1.2(a) (Nov. 1992) first appeared in the November 1990 guidelines, but, curiously, U.S.S.G. § 5E1.2(f) retained its discretionary language. In fact, a new application note in November 1990 stated that "[t]he determination of the fine guideline range <u>may</u> be dispensed with entirely upon a court determination of present and future inability to pay any fine." U.S.S.G. § 5E1.2, comment 3 (Nov. 1990) (emphasis added). The application notes for the November 1992 guidelines retain the same discretionary language. Though the explicit prohibition against imposing fines on indigents in U.S.S.G. § 5E1.2(a) has remained in the guidelines since November 1990, U.S.S.G. § 5E1.2(f) and the application notes give a sentencing court the discretion to impose a fine on an indigent defendant.

Our jurisprudence fits within this framework, as <u>United States v. Fair</u>, 979 F.2d 1037 (5th Cir. 1992) does not mandate a different result. In <u>Fair</u>, we recognized that a defendant may rely on a PSR to establish his inability to pay a fine. <u>Id.</u> at 1041. We suggested that if a court adopts the findings of a PSR showing that the defendant has no or limited ability to pay, then the government must demonstrate that he has assets or earning potential before the court can impose a fine. <u>Id.</u> By its focus on proof of indigency <u>Fair</u> implies its importance, but not its necessity. <u>Fair</u>, 979 F.2d at 1041-42. <u>United States v. Walker</u>, 900 F.2d 1201, 1206-07 & n.6 (8th Cir. 1990), relied on in <u>Fair</u>, discusses the elements that a

sentencing court <u>may</u> consider. <u>Voda</u> reaffirmed the point, citing <u>Fair</u>. <u>Voda</u>, 994 F.2d at 154 n.13.

The PSR suggested that Altamirano had no present or future ability to pay, but made no recommendation regarding a fine. The court adopted the PSR's findings, and the government did not counter that Altamirano has assets or earning potential. In this situation, the court could still impose a fine, albeit informed by the fact that the defendant could not and was not likely to be able to pay. The question remains whether the court had the authority to probate the fine. We conclude that the district court lacked the power to probate a fine, as we will explain. We do not therefore examine the limits upon the trial court's discretion to fine a defendant who cannot pay and who has no prospects of being able to do so.

## III.

The statutory authority for a probated sentence derives from 18 U.S.C. § 3561(a), which permits probation unless (1) the offense is a Class A or B felony and the defendant is an individual; (2) the offense is an offense for which probation has been expressly precluded; or (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense. 18 U.S.C. § 3561(a). All three exceptions forbid probation in this case. Altamirano was convicted of violating 21 U.S.C. § 841(b)(1)(B), a Class B felony under 18 U.S.C. § 3559(a)(2). Congress expressly eliminated probation for violations of 18 U.S.C.

6

§ 841(b)(1)(B). Finally, Altamirano received a 60-month prison term for the same offense.

The Sentencing Guidelines also prohibit a probated fine in this case. U.S.S.G. § 5B1.1(b) (Nov. 1992) tracks the three exceptions in 18 U.S.C. § 3561(a), in that it forbids probation for a Class B felony, when the offense of conviction precludes the imposition of a probated sentence, or when the defendant receives a prison term for the same offense. U.S.S.G. § 5B1.1 (Nov. 1992). Again, these exceptions preclude the assignment of a probated sentence in this case. The district court therefore improperly probated the fine.

VACATED IN PART and REMANDED.