IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40708
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

DANNY RAY WHITE,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4-96-CR-4-ALL
- - - - - - - - - -
February 19, 1997
Before SMITH, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Danny Ray White appeals from his convictions and sentence

for attempting to manufacture and manufacturing methamphetamine,

attempting to manufacture and manufacturing amphetamine,

possession of a three-neck round-bottom flask, and possession of

ethyl ether, a listed chemical.  He argues that the evidence was

insufficient to support his convictions, that the district court

erred by denying his motion to suppress, that the district court

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

abused its discretion by denying his motion for a mistrial, and that the district court erred by imposing a fine.  Based upon the testimony presented at trial, the jury could have found beyond a reasonable doubt that White committed the offenses with which he was charged.  Viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the verdict, the evidence is sufficient to support White's convictions.  See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992), cert. denied, 507 U.S. 943 (1993).  Further, the affidavit upon which the search warrant was based was sufficient to establish probable cause.  See United States v. McKeever, 906 F.2d 129, 132 (5th Cir. 1990), cert. denied, 498 U.S. 1070 (1991).  Because White failed to show that a witness's reference to a rubber stopper seized from White's vehicle was so prejudicial that it had a substantial impact upon the jury's verdict, the district court did not abuse its discretion by denying White's motion for a mistrial.  See United States v. Ramirez, 963 F.2d 693, 699 (5th Cir.), cert. denied, 506 U.S. 944 (1992).  Finally, because White failed to shoulder his burden of showing that he was unable to pay, the district court did not err by imposing a fine.  See United States v. Altamirano, 11 F.3d 52, 53-54 (5th Cir. 1993).  Accordingly, the judgment of the district court is AFFIRMED.