**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 96-30715
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES KEVIN HODGES,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Louisiana

---

April 2, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

WISDOM, Circuit Judge.

James Kevin Hodges pleaded guilty to assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113 (a)(3). He was sentenced to twenty-seven months imprisonment, followed by three years supervised release. The district court also imposed a $10,000 fine. The defendant appeals his sentence, as well as the fine.

I.

Hodges argues that the district court erred by increasing his offense level by two, pursuant to U.S.S.G. § 2A2.2(b)(1). This section permits the increase at issue where the defendant engaged in more than minimal planning prior to committing the crime.

1

"Review of sentences imposed under the guidelines is limited to a determination whether the sentence was in violation of law, as a result of an incorrect application of the guideline, or was outside of the applicable guideline range and was unreasonable."[1]

For offenses involving aggravated assault, § 2A2.2(b)(1) provides for a two level increase if the assault involved more than minimal planning. The application notes to § 2A2.2 cross-reference the commentary to § 1B1.1 for a definition of "more than minimal planning". Application note 1(f) to 1B1.1 defines "more than minimal planning" as "more planning than is typical for commission of the offense in a simple form." The district court's finding of "more than minimal planning" is reviewed for clear error.[2] Given the information in the presentencing investigation report (PSR), and Hodges' failure to rebut such findings, we find no such error.[3] The sentence is affirmed.

## II.

The defendant also maintains that, because he is insolvent, the district court's imposition of a $10,000 fine was error. We agree.

In *United States v. Fair*, we held that a defendant could rely on the PSR to establish his inability to pay a fine.[4] We also stated that "when a sentencing court adopts a PSR which recites facts showing limited or no ability to pay a fine the government must come forward with evidence showing that a defendant can in fact pay a fine before one can be imposed."[5] The present case falls squarely within this rule. The district court adopted the findings of the PSR. The PSR indicates that the defendant has $50 in the bank. This amount, balanced against the defendant's $61,399 of unsecured

---

[1]   *United States v. Matovsky*, 935 F.2d 719, 721 (5th Cir. 1991).

[2]   *United States v. Clements*, 73 F.3d 1330, 1341 (5th Cir. 1996).

[3]   The PSR generally bears sufficient indicia of reliability to be considered as evidence by the district court in resolving disputed facts relative to sentencing. *United States v. Brown*, 54 F.3d 234, 242 (5th Cir. 1995). As such, the court is free to adopt facts in the PSR without further inquiry if the facts had an adequate evidentiary basis and the defendant does not present evidence to refute them. *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir.), *cert. denied*, 115 S.Ct. 180 (1994).

[4]   979 F.2d 1037, 1041 (5th Cir. 1992).

[5]   *Id.*

debt, leaves the defendant with a net worth of -$61,349. The PSR also indicates that the defendant's monthly income, derived from his spouse's salary, is $1,410. This amount is completely consumed by $2,879 of necessary living expenses, resulting in a monthly net loss of $1,469. Clearly this shows *at least* a limited ability to pay a fine, if not a total inability. The PSR does not make a recommendation regarding a fine, but rather states that "it would be difficult" for the defendant to pay, and notes that if the defendant found gainful employment upon release from prison, his ability to pay would be increased.

In such a situation, *Fair* dictates that the government must come forward with evidence to show the defendant's ability to pay a fine. The government did not do so and, as a result, the court made no specific findings as required by *Fair*. Consequently, we cannot uphold the district court's imposition of the fine.

It has been suggested that our decision in *United States v. Altamirano*[6] allows a district court to impose a fine in a case such as the one at bar, and is thus inconsistent with *Fair*. This is not so. *Altamirano* simply stands for the proposition that neither the Constitution nor any other federal law categorically prohibits the imposition of a fine where a defendant is found to be indigent.[7] That principle does not affect the rules set out in *Fair* regarding what findings must be made before a district court may impose a fine. The holding in *Fair* is narrow -- where a district court adopts, and a defendant relies upon, a PSR showing limited ability to pay, the government must come forward with evidence and the court must make specific findings before a fine may be imposed. *Altamirano* holds that, in general, a finding of indigency does not absolutely preclude the imposition of a fine. In other words, upon remand, the district court may make specific findings that the defendant is indigent, but nonetheless properly impose a fine under *Altamirano*. Specific findings are necessary, however, to satisfy the requirements of *Fair*.

For the foregoing reasons, the defendant's sentence to incarceration is AFFIRMED. The

---

[6]    11 F.3d 52 (5th Cir. 1993).

[7]    *Id.* at 54.

3

portion of the judgement imposing the fine is VACATED and the case is REMANDED to the district

court for further findings.