**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30892
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JULIUS WARNER MARACALIN,
also known as "Big Warner",

Defendant-Appellant.

Appeal from the United States District Court
For the Middle District of Louisiana
(CR-95-004-B-M2)

November 10, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Julius Warner Maracalin pleaded guilty to a multi-count indictment charging him with conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base.[2] The district court sentenced him to concurrent 235-month terms of imprisonment, to be followed by a five-year term of supervised

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] See 21 U.S.C. § 846; 21 U.S.C. 841(a)(1); 18 U.S.C. § 2.

release.   The district court also imposed a fine of $100,000. Judge Stewart granted Maracalin leave to appeal under the Criminal Justice Act.[3]

First, Maracalin argues in his brief that the district court erred by refusing to allow him to withdraw his guilty plea prior to the court's acceptance of the plea agreement.  In his reply brief, however, he concedes that his argument is foreclosed by the Supreme Court's recent decision in *United States v. Hyde*[4] (holding that when the district court has accepted a defendant's plea but deferred accepting the plea agreement, the plea may not be withdrawn unless the defendant shows a fair and just reason under Fed. R. Crim. P. 32(e)).  Thus, we consider his argument abandoned and unreviewable.[5]

Second, Maracalin argues that his plea was not knowing and voluntary because the district court erroneously informed him that he had the burden of proving that he was not guilty if he chose to proceed to trial.  Even if the district court committed the alleged error, it did not affect Maracalin's substantial rights.  On three occasions during the plea colloquy, Maracalin stated that he understood that it was the government's burden to prove guilt beyond a reasonable doubt.  Under these circumstances, we cannot conclude that the district judge's isolated remark to the contrary

---

[3] 18 U.S.C. § 3006A

[4] 117 S. Ct. 1630 (1997)

[5] See *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995); *see also United States v. Olano*, 507 U.S. 725, 733 (1993).

was a material factor in his decision to plead guilty. Because his substantial rights were not affected by the alleged error, his argument must fail.

Third, Maracalin argues that the district court, in violation of Fed. R. Crim. P. 11(e), participated improperly in the plea negotiations. Though Maracalin points to various statements made by the district court that allegedly demonstrate improper judicial participation, none of the complained-of statements suggests that the court encouraged him to enter a particular plea. We find no violation of Rule 11(e).

Fourth, Maracalin argues that his conviction and sentence cannot stand because he received ineffective assistance of counsel. "A claim of ineffective assistance of counsel generally cannot be addressed on direct appeal unless the claim has been presented to the district court; otherwise, there is no opportunity for the development of an adequate record on the merits of that serious allegation."[6] Although the record may be developed adequately on the merits to resolve some of Maracalin's ineffectiveness claims, it is not developed adequately to resolve all of them. As such, we decline to address the matter on direct appeal. Accordingly, Maracalin's motion to supplement the record on appeal with a letter relating to this issue is denied.

Finally, Maracalin argues that the district court erred by ordering him to pay a fine of $100,000 without first making specific factual findings as to his ability to pay such a fine. We

---

[6] *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992)

3

have stated that "when a sentencing court adopts a PSR which recites facts showing limited or no ability to pay a fine, the government must come forward with evidence showing that a defendant can in fact pay a fine before one can be imposed."[7] The sentencing court must make findings as to the defendant's ability to pay.[8] In this case, the PSR indicated that Maracalin would not have any money with which he could pay a fine. We remand to the district court with instructions to make the requisite findings as to Maracalin's ability to pay the fine. We note, however, that our case law plainly states that a finding of indigence does not necessarily preclude the imposition of a fine.[9] That is, upon remand, the district court may make specific findings that the defendant is indigent, but nonetheless properly impose a fine.[10]

The defendant's conviction and sentence are AFFIRMED. That portion of the judgment imposing the fine is VACATED and the case is REMANDED to the district court for further proceedings.

---

[7] *United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir. 1992)

[8] *United States v. Hodges*, 110 F.3d 250, 252 (5th Cir. 1997)

[9] *United States v. Altimirano*, 11 F.3d 52 (5th Cir. 1993)

[10] See *Hodges* at 252.