**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10337

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOE WESLEY CROSSLIN,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:96-CR-131-A-1)

February 10, 1998

ON PETITION FOR REHEARING

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Appellant-Crosslin's petition for rehearing is granted to the extent and for the reasons set forth below. Our panel decision is otherwise left undisturbed. In his petition, Crosslin correctly points out that we erred in affirming the fine imposed by the district court. "When a sentencing court adopts a [presentence

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigation report] which recites facts showing limited or no ability to pay a fine the government must then come forward with evidence showing that a defendant can in fact pay a fine before one can be imposed." *United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir. 1992). Here, the district court adopted the presentence investigation report. The presentence investigation report contained evidence that the defendant could not pay. *See* Presentence Investigation Report ¶ 45. The government did not come forward with evidence to show ability to pay. And the court did not articulate its reasons for departing from the presentence investigation report. Under these circumstances, we cannot uphold the fine imposed by the district court. *See United States v. Hodges*, 110 F.3d 250, 251 (5th Cir. 1997).

For the foregoing reasons, Crosslin's petition for rehearing is GRANTED in part and DENIED in part. We VACATE Crosslin's $5,000 fine and REMAND this case for further consideration. Crosslin's conviction and sentence of incarceration are otherwise AFFIRMED.