IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20530
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL P. MIER, also known as Ralph,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-57-4
_____

March 21, 2001

Before POLITZ, DAVIS, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rafael P. Mier appeals the sentence received following his guilty-plea

conviction for conspiracy to possess with the intent to distribute and aiding and

abetting the possession with the intent to distribute marihuana, in violation of 21

U.S.C. §§ 841 and 846.  He maintains, for the first time on appeal, that the district

court erred in determining the amount of marihuana for sentencing purposes and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that, following Jones v. United States[1] and Apprendi v. New Jersey,[2] the court was required to submit that question to a jury to be proved beyond a reasonable doubt. The contention lacks merit. The sentence Mier received is below the applicable statutory maximum, thus rendering Apprendi inapplicable.[3]

Mier next contends that the district court erred in overruling his objection to the Guidelines § 3B1.1(c) two-level enhancement imposed for his leadership role in the offense. The determination that Mier played a leadership role because he used his wife, son, and girlfriend to assist in his drug distribution is supported by the record, is not clearly erroneous, and is sufficient to justify the enhancement under § 3B1.1(c).[4]

Mier further contends that the district court erred in failing to depart downward sua sponte from the applicable guidelines range because his criminal history score overrepresented his criminal past. We lack jurisdiction to consider this challenge.[5]

---

[1]526 U.S. 227 (1999).

[2]53 U.S. 466 (2000).

[3]21 U.S.C. §§ 841(b)(1)(C) and 846; United States v. Doggett, 230 F.3d 160 (5th Cir. 2000), cert. denied, 2001 WL 38408 (U.S. Feb. 20, 2001)(No. 00-7819); United States v. Keith, 230 F.3d 784 (5th Cir. 2000), cert. denied, 2001 WL 70558 (U.S. Feb. 20, 2001)(No. 00-8077).

[4]U.S.S.G. § 3B1.1, comment. (n.1); see also United States v. Powell, 124 F.3d 655 (5th Cir. 1997).

[5]United States v. Yanez-Huerta, 207 F.3d 746 (5th Cir.), cert. denied, 121 S. Ct. 432 (2000).

Mier additionally submits, for the first time on appeal, that the district court erred in imposing a $10,000 fine because he does not have the ability to pay. Mier offers no proof that he is unable to pay a fine or that he will become unable to do so in the future.[6] The PSR made no recommendation relative to a fine and the district court was not required to make any specific findings regarding Mier's ability to pay.[7] The fine imposed is considerably below the guidelines range and is payable in installments. In assessing a fine, the district court did not depart from the PSR and the imposition thereof was not plainly erroneous. [8]

Mier has failed to demonstrate any error in the sentence or sentencing procedure and, accordingly, the sentence is AFFIRMED.

---

[6]See § 5E1.2(a).

[7]United States v. Landerman, 167 F.3d 895 (5th Cir. 1999).

[8]Id. at 899-900; see United States v. Hodges, 110 F.3d 250 (5th Cir. 1997).