**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**August 8, 2003**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50006
c/w No. 03-50030
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL RUBIO-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-902-ALL-PRM
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Daniel Rubio-Hernandez ("Rubio"), appeals from his conviction, 55-month sentence, and $250 fine for illegal re-entry, 8 U.S.C. § 1326, as well as from the revocation of his supervised release. Rubio's indictment under 8 U.S.C. § 1326, like the petition to revoke his supervised release, came after an investigation pursuant to a traffic stop revealed that Rubio was a deported felon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rubio first attacks his illegal re-entry conviction. He argues that the district court erred in denying his motion to suppress evidence obtained as a result of the traffic stop. Evidence of Rubio's identity, like his record as a deported felon, is not subject to suppression. See United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1999). Rubio has failed to identify any evidence obtained as a result of the traffic stop that is subject to suppression. Rubio's conviction under 8 U.S.C. § 1326 is accordingly AFFIRMED.

Rubio contends that the revocation of his supervised release should be vacated because it rested on his illegal re-entry conviction. Based on the affirmation of Rubio's conviction under 8 U.S.C. § 1326, we likewise AFFIRM the revocation of Rubio's supervised release.

Rubio argues that his 55-month sentence violates due process because it exceeds the statutory maximum sentence for the offense charged in the indictment. Rubio acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he states that he seeks to preserve the issue for possible Supreme Court review in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90. Rubio has not shown error on this ground.

Rubio's remaining argument is that the district court erred in imposing a $250 fine. Where, as in this case, the district court

adopts a presentence report (PSR) showing limited or no ability to pay a fine, the Government must come forward with evidence showing that a defendant can, in fact, pay a fine before one can be imposed. See United States v. Fair, 979 F.2d 1037, 1041 (5th Cir. 1992). The Government admits that no such evidence was adduced, and the district court did not make specific findings regarding Rubio's ability to pay a fine. Consequently, this court cannot uphold the district court's imposition of the fine. See United States v. Hodges, 110 F.3d 250, 251 (5th Cir. 1997).

The Government requests that this court modify the judgment rather than remand the issue of the fine to the district court. Given our determination that the fine cannot be upheld, we hereby VACATE the $250 fine imposed on Rubio and MODIFY the district court's judgment accordingly. As modified herein, the judgment of the district court is AFFIRMED.

VACATED and MODIFIED in part; and as modified, AFFIRMED.