United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50610
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO CONTRERAS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-03-CR-114-ALL-PRM)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Arturo Contreras, Jr. was sentenced to concurrent 45-month terms of imprisonment and to a three-year term of supervised release following his convictions for importing a controlled substance containing a detectable amount of marijuana and for possessing with the intent to distribute a controlled substance containing a detectable amount of marijuana. See 21 U.S.C. §§ 841(a)(1), §§ 952(a), 960(a)(1). Over Contreras's objection, the district court also imposed a $300 fine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sole issue raised by Contreras on appeal is whether the district court erred in imposing a fine. The government concedes that the district court erred in imposing a fine and has submitted a motion requesting that the fine be vacated, that the judgment be modified accordingly, and that the judgment, as modified, be affirmed. For the reasons set forth below, we grant the government's motion.

When, as in this case, the district court adopts a presentence report (PSR) that shows limited or no ability to pay a fine, the government must come forward with evidence showing that a defendant can, in fact, pay a fine. See United States v. Fair, 979 F.2d 1037, 1041 (5th Cir. 1992). No such evidence was adduced in this case, and the district court did not make specific findings regarding Contreras's ability to pay a fine. Consequently, we cannot affirm the district court's imposition of the fine. See United States v. Hodges, 110 F.3d 250, 251 (5th Cir. 1997).

Given our determination that the fine cannot stand, and in view of the government's request that we vacate and modify the sentence rather than reversing it and remanding the issue of the fine to the district court, we vacate the portion of Contreras's sentence that imposes a $300 fine, and we modify the district court's judgment accordingly. As thus modified, we affirm the sentence imposed by the district court.

MOTION GRANTED; FINE VACATED; SENTENCE MODIFIED and, as modified, AFFIRMED.