United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51151
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE JARMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-63-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Lee Jarman pleaded guilty to a two-count indictment charging him with being a convicted felon in possession of a firearm (Count One) and possession a firearm with an obliterated serial number (Count Two). The district court sentenced Jarman to 120 months of imprisonment on Count One and 60 months of imprisonment on Count Two, to be served consecutively. Jarman was also sentenced to concurrent three-year terms of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.  Despite Jarman's request "that no fine be imposed," the district court imposed a $50,000 fine.

The sole issue raised by Jarman on appeal is that the district court erred in imposing a fine.  The Government agrees that the district court erred in imposing a fine.  The Government requests that we vacate the fine, modify the judgment, and otherwise affirm Jarman's sentence.

Where, as in this case, the district court adopts a presentence report (PSR) showing limited or no ability to pay a fine, the Government must come forward with evidence showing that a defendant can, in fact, pay a fine before one can be imposed.  See United States v. Fair, 979 F.2d 1037, 1041 (5th Cir. 1992).  No such evidence was adduced in this case, and the district court did not make specific findings regarding Jarman's ability to pay a fine.  Consequently, this court cannot uphold the district court's imposition of the fine.  See United States v. Hodges, 110 F.3d 250, 251 (5th Cir. 1997).

Given our determination that the fine cannot be upheld, and in view of the Government's request that we modify the judgment rather than remand the issue of the fine to the district court, we hereby VACATE the $50,000 fine imposed on Jarman and MODIFY the district court's judgment accordingly.  As modified herein, the judgment of the district court is AFFIRMED.