IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31288
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLORIA WASHINGTON TURNER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-10008-2
- - - - - - - - - -

June 24, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gloria Washington Turner appeals the district court's order
requiring her to pay a $4,000 fine in connection with her
conviction for conspiracy to commit social security fraud.
Turner contends only that the Presentence Report ("PSR") shows
that it is "patently unrealistic" to assume that Turner can pay
her fine in $120 monthly installments, as ordered by the district
court.  Citing United States v. Fair, 979 F.2d 1037, 1041 (5th
Cir. 1992), Turner argues that the Government failed to provide
information showing that Turner has an ability to pay the fine

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that the district court failed to make specific findings regarding Turner's ability to pay.

Turner concedes that the standard of review is plain error because she failed to object to the imposition of a fine in the district court. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999). To demonstrate plain error, an appellant must show clear or obvious error that affects her substantial rights; if she does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-35 (1993)).

The Sentencing Guidelines provide that the "court shall impose a fine in all cases, except where the defendant establishes that [she] is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). A defendant bears the burden of proving her inability to pay a fine. Landerman, 167 F.3d at 899. "The defendant may rely on the presentence report in order to establish [her] inability to pay the fine." Id. (citing Fair, 979 F.2d at 1041).

As in Landerman, the PSR indicates that Turner has some ability to pay the fine. See 167 F.3d at 899-900. Unlike Fair, in which the probation officer stated that the defendant did not appear to have the ability to pay a fine in installments, see 979 F.2d at 1040, the probation officer stated that it would be "difficult" for Turner to pay a fine and suggested that, if a

fine was imposed, that Turner be permitted to pay the fine in installments. Turner has a history of gainful employment and is still relatively young. Turner has failed to establish plain error. The judgment is

AFFIRMED.