IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20647
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENDY ALBERTO SANDOVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CR-60-01)
_____

December 2, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:*

Defendant-Appellant Kendy Alberto Sandoval ("Sandoval")

appeals from the sentence imposed by the district court after he

plead guilty to illegal re-entry into the United States after

deportation.  For the reasons stated below, we AFFIRM.

On March 19, 1998, Sandoval pled guilty to illegal re-entry

into the United States after having been previously deported.  On

July 1, 1998, the court below, following the Sentencing

Guidelines, fined Sandoval $7,500 and sentenced him to 70 months

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in prison and three years of supervised release.[1]  Sandoval appeals the imposition of the $7,500 fine.

Because Sandoval failed to object to the fine at sentencing, this court reviews the sentence under the plain error standard of review.  See United States v. Rodriquez, 15 F.3d 408, 414 (5th Cir. 1994).  Plain error exists if: 1) there was "error", 2) the error was "clear" or "obvious", and 3) the error affected the defendant's substantial rights.  See id. at 415; United States v. Olano, 507 U.S. 725, 734 (1993).  If an appellate court finds that a district court committed plain error, the appellate court "has authority to order correction, but is not required to do so."  Olano 507 U.S. at 735; Rodriquez 15 F.3d at 416.

Sandoval argues that the district court committed plain error in imposing a $7,500 fine when the Pre-Sentence Report ("PSR") stated that he did not have the ability to pay a fine and recommended that no fine be imposed.  When a sentencing court adopts a PSR "but decides to depart from the PSR's recommendation on fines" it must "articulate the reasons why it is departing from the report."  United States v. Fair, 979 F.2d 1037, 1041, 1042 (5th Cir. 1992).  Additionally, when a sentencing court adopts a PSR showing a defendant's inability to pay a fine, the court may impose a fine only if the government makes a showing

_____

[1]  Sandoval's total offense level under the Guidelines was 21.  At that level, the Guidelines direct a term of custody between 70 and 87 months and a fine between $7,500 and $75,000. See U.S.S.G. §§ 2L1.2, 5E1.2(c)(3).

that the defendant does, in fact, have the ability to pay.  See id. at 1041.

We find that the district court departed from the PSR's fine recommendation but failed to make the findings required by Fair. The government, moreover, failed to make any showing that Sandoval has the ability to pay the fine.  Nonetheless, we find that the imposition of the fine does not rise to the level of plain error.  While the court's failure to make the necessary findings is clear error, we do not believe that the imposition of a fine affects Sandoval's substantial rights.

First, the district court correctly noted that 50% of Sandoval's prison earnings can be made available to satisfy the fine.[2]  See 28 C.F.R. § 545.11(a)(3) (1998).  Secondly, all parties appear to recognize that Sandoval will likely be deported upon the completion of his prison term.  Upon deportation, Sandoval's obligation to pay the fine will abate.  We find that Sandoval's ability to pay a portion of the fine incrementally while incarcerated, and the likelihood that he will be deported at the end of his period of incarceration, militates against finding that the imposition of a fine affects Sandoval's substantial rights.

Even if we were to find that Sandoval's substantial rights were affected, this court retains discretion to decide whether or not to correct plain error.  The Supreme Court has directed that

---

[2]  Sandoval's assertion that he will not be able to work in prison because of his status as an illegal alien is wholly without legal support.

"[t]he Courts of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano 507 U.S. at 736 (citing United States v. Atkinson, 297 U.S. 157, 160 (1936)). We find that the error of the court below, even if it did affect Sandoval's substantial rights, does not warrant the exercise of our discretion. We do not believe that the imposition of the lowest fine recommended by the guidelines, coupled with Sandoval's likely deportation and ability to satisfy part of the fine with prison earnings, "seriously affects the fairness, integrity or public reputation of judicial proceedings."

For the above stated reasons, we AFFIRM.