IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40718
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PEDRO CASTILLO, JR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-592-1
--------------------
December 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Pedro Castillo, Jr., appeals from his sentence for being a
felon in possession of ammunition.  He contends that the district
court erred by adjusting his offense level because a weapon found
on his son was stolen and that the district court erred by
departing upward from the guideline offense level.

    The district court did not err by adjusting Castillo's
offense level because the weapon was stolen.  *See* U.S.S.G.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2K2.1(b)(4). The finding that Castillo knew about the stolen weapon was not clearly erroneous. *United States v. Fair*, 979 F.2d 1037, 1038 (5th Cir. 1992).

The district court did not abuse its discretion by departing upward from the guideline sentencing range in Castillo's case. *United States v. Ashburn*, 38 F.3d 803, 807 (5th Cir. 1994)(en banc). We need not address whether all of the grounds on which the district court based its upward departure decision were appropriate. Castillo was charged with murdering his wife after she consented for the family residence to be searched in conjunction with the felon-in-possession offense. He also was charged with aggravated assault while in jail, and two previous convictions involving violent behavior had resulted in a total of two criminal history points. An upward departure on the factors mentioned above was appropriate. *See* U.S.S.G. § 4A1.3, p.s. The district court's discussion of the 10-year term of imprisonment ultimately chosen indicated that Castillo would have received that sentence regardless of consideration of any conceivably impermissible departure factors. Castillo's substantial rights were not violated by the departure. *United States v. Cade*, 279 F.3d 265, 270 (5th Cir. 2002).

The district court stated that it had considered every offense level up to the statutory maximum of 10 years' imprisonment and that none of them satisfied the court's concerns regarding the reasons for departure. The district court

adequately explained why it chose the 10-year sentence and why intermediate categories were unsatisfactory.  *United States v. Daugenbaugh*, 49 F.3d 171, 173-74 (5th Cir. 1995); *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc).

AFFIRMED.