**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 28, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60923
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE RAY HUBBARD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:01-CR-20-1
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Willie Ray Hubbard appeals from his conviction and sentence
for being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)
and 924(a)(2). He argues that (1) the district court abused its
discretion in refusing to instruct the jury on the affirmative
defense of duress, (2) the evidence was insufficient, and (3) the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court abused its discretion in sentencing him to pay a $50,000 fine.

Because duress is an affirmative defense, a defendant must present evidence of each of the elements of the defense before it may be presented to the jury. See United States v. Posada-Rios, 158 F.3d 832, 873 (5th Cir. 1998). There must "exist[] evidence sufficient for a reasonable jury to find in his favor." Mathews v. United States, 485 U.S. 58, 63 (1988).

After a thorough review of the record, we have determined that the district court did not err in refusing to instruct the jury as to duress. The evidence was not sufficient to allow a reasonable jury to conclude that Hubbard was in danger of imminent bodily harm during the entirety of his possession of a firearm on or about August 4, 2001. See United States v. Harper, 802 F.2d 115, 118 (5th Cir. 1986); United States v. Panter, 688 F.2d 268, 272 (5th Cir. 1982).

In view of the abundant evidence that Hubbard possessed a firearm on or about August 4, 2001, and taking into account Hubbard's stipulation that the firearm in question traveled in interstate commerce, as well as his stipulation that he had a prior felony conviction, the evidence was sufficient to support his conviction. See United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997).

In determining the amount of a fine, the district court must consider "the need for the combined sentence to reflect the

seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence." U.S.S.G. § 5E1.2(d)(1). Hubbard failed to fulfill his burden to show that he was unable to pay a fine and that he was not likely to become able to pay any fine. See United States v. Fair, 979 F.2d, 1037, 1041 (5th Cir. 1992); U.S.S.G. § 5E1.2(a). Accordingly, we have determined that the district court's imposition of a $50,000 fine was not an abuse of its "considerable discretion." United States v. Matovsky, 935 F.2d 719, 722 (5th Cir. 1991); see United States v. Altamirano, 11 F.3d 52, 53-54 (5th Cir. 1993). Further, because the district court did not adopt the findings of the Presentence Report (PSR) with respect to a fine, and then depart from the PSR's recommendation, the district court was not required to make specific findings showing that it considered the relevant factors. See Fair, 979 F.2d at 1041.

The judgment of the district court is **AFFIRMED**.