United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 02-21343

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO PALMA-GUILLEN,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
H-02-CR-387-ALL

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Palma-Guillen ("Palma") pled guilty to being found in the United States

---

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following deportation for an aggravated felony conviction. *See* 8 U.S.C. §§ 1326(a), (b)(2). The district court sentenced Palma to 64 months in prison, three years of supervised release, a $200 fine, and a $100 special assessment.

In this appeal, Palma first challenges the assessment of the $200 fine. Palma failed to challenge the assessment of the fine in the district court. Therefore, this Court reviews the district court's decision only for plain error. Under that standard, this Court will not reverse the district court, unless (1) there is an error; (2) the error is plain; (3) the error affects a defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Edwards*, 303 F.3d 606, 641 (5th Cir. 2002).

Palma argues that the district court plainly erred in assessing the $200 fine. Palma claims that the district court should not have assessed the fine against him, because he does not have the means to pay the fine. Sentencing Guideline § 5E1.2 states that a sentencing court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S. SENTENCING GUIDELINES MANUAL § 5E1.2(a). The burden is on the defendant to demonstrate to the district court that he is unable (and will not become able) to pay a fine. *See United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir. 1992).

Palma claims that he cannot (and will not be able to) pay the $200 fine. Palma asserts that current prison regulations make it difficult for inmates subject to deportation to earn money in federal prison. *See* 28 C.F.R. § 345.35 (a) ("An inmate or detainee may be considered for assignment with FPI [Federal Prison Industries] unless the inmate . . . is currently under an order of deportation, exclusion, or removal."). As a result, Palma contends, he has no way of earning money during his period of incarceration. Therefore, he claims, the district court should not have assessed a monetary

penalty against him.

We conclude that the district court did not plainly err in assessing the fine. 28 C.F.R. § 345.35(a) purports to prohibit only those inmates that are *currently under an order* of deportation from working at the prison. *See id.* Therefore, in order to satisfy his burden of proving that he would not be able to pay the fine, Palma was required present evidence that he is currently under an order of deportation. Because he has failed to present such evidence, we conclude that the district court did not plainly err in determining that Palma would be able to earn money in prison to pay the fine. As a result, the district court did not err in assessing the $200 fine.

As Palma concedes, his arguments regarding the constitutionality of 8 U.S.C. § 1326(b) are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). We must follow that decision unless and until the Supreme Court overrules it. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). Therefore, we reject Palma's argument that 8 U.S.C. § 1326 is unconstitutional.

For the foregoing reasons, the judgment of the district court is AFFIRMED.