United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40783
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

SERAFIN ARECHE, also known as Moreno

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CR-83-LED-3
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Serafin Areche, "aka 'Moreno'" was charged in a two-count
superseding indictment with conspiracy to possess with the intent
to distribute more than 50 kilograms of cocaine, and with
possession with the intent to distribute approximately 21
kilograms of cocaine.  After a trial, the jury returned a guilty
verdict.

        The presentence report (PSR) did not recommend an adjustment
for Areche's role in the offense.  The probation officer noted
that although there were "three other participants in this

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense, the defendant's role is not considered either aggravating nor mitigating." The Government objected, arguing that Areche should receive a four-level increase pursuant to U.S.S.G. § 3B1.1(a). The district court sustained the Government's objection. The court found that "there were at least five or more participants involved in the criminal activity and that the Defendant directed at least one of them, Hugo Quevedo." The court further found that Areche's "involvement as a leader of a criminal activity was otherwise extensive." In addition to assessing the four-level increase under U.S.S.G. § 3B1.1, the court imposed a two-million dollar fine. This appeal followed.

Areche first argues that DEA Agent Robert Zafra should not have been allowed to testify that it was Areche's voice that could be heard on the recorded conversations recounted by Zafra. Areche argues that the identification testimony violated the attorney-client privilege because it was admittedly based on Zafra's listening to conversations between Areche and his counsel at trial. Areche acknowledges that because he did not object to Zafra's testimony on the basis of the attorney-client privilege, review of his argument is for plain error. To show reversible plain error, Areche must show (1) an error, (2) that is clear and obvious, and (3) that affects his substantial rights. See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).

Zafra's testimony was not based on the content of any confidential communication between Areche and his attorney, but merely on the sound of Areche's voice during normal conversation in the courtroom. Accordingly, the district court's failure to disallow Zafra's testimony based on the attorney-client privilege was not plain error. See United States v. Robinson, 121 F.3d 971, 975 (5th Cir. 1997).

Areche also argues that Zafra's identification testimony was insufficient under FED. R. EVID. 901. Because Areche made a timely objection to the district court's evidentiary ruling in this respect, review of the district court's ruling is for an abuse of discretion. See United States v. Lampton, 158 F.3d 251, 259 (5th Cir. 1998). Zafra's testimony satisfied the requirements of FED. R. EVID. 901(b)(5). Id. Areche's contention that Zafra's identification of his voice was equivocal goes only to the weight of the testimony, not its admissibility. Id. Accordingly, the district court did not abuse its discretion by allowing the identification testimony.

Areche next argues that the district court erred by increasing his offense level pursuant to U.S.S.G. § 3B1.1(a). He argues that the his role in the conspiracy was limited to being "the source of the cocaine only" and that a buyer-seller relationship is insufficient to qualify for the enhancement. We review a district court's legal interpretation of the Sentencing Guidelines de novo. United States v. Lowder, 148 F.3d 548, 552

(5th Cir. 1998).** The district court's findings of fact are reviewed for clear error. Id.

The Sentencing Guidelines provide for the increase in a defendant's offense level by four levels "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). "To qualify for an adjustment under this section, the defendant must have been the [organizer or leader] of one or more other participants." Id., comment.(n.2); United States v. Cooper, 274 F.3d 230, 247 (5th Cir. 2001). In distinguishing a leadership or organizational role from one of mere management or supervision, factors the court should consider include: (1) the exercise of decision-making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. Id., comment.(n.4); see United States v. Glinsey, 209 F.3d 386, 396 (5th Cir. 2000).

At the sentencing hearing, the Government asserted that "the telephone conversations that Your Honor heard which were admitted

---

** United States v. Booker, 125 S. Ct. 738 (2005), did not affect the application of this standard in cases, such as Areche's, where the district court has imposed a guidelines sentence. United States v. Villegas, __ F.3d __, No. 03-21220, 2005 WL 627963 at *2-*5 (5th Cir. Mar. 17, 2005).

in evidence at [Areche's] trial made it clear that Quevedo took directions from this Defendant." The Government's reliance on the introduction of the taped conversations is flawed, however, because the tapes were never introduced into evidence. Moreover, although Areche was a supplier to Quevedo, Agent Zafra acknowledged that Quevedo had another supplier who could deliver 21 kilograms of cocaine. Compare United States v. Pineiro, 377 F.3d 464, 474 (5th Cir. 2004), vacated on other grounds, 125 S. Ct. 1003 (2005)(defendant was an "exclusive supplier" for the criminal activity). Further, it was another conspirator, Craig Hector Rivera, not Areche, who paid the participants, including Areche. Compare Pineiro, 377 F.3d at 474 (defendant directed and paid several couriers). In sum, we conclude that the record is devoid of facts showing that Areche organized or led Quevedo. Accordingly, Areche's sentence is VACATED and the matter is REMANDED for resentencing. See United States v. Ronning, 47 F.3d 710, 713 (5th Cir. 1995).

Areche also challenges the district court's imposition of a two-million dollar fine. He argues that the court imposed the fine because remained silent rather than cooperate with the probation officer. "It is undisputed that the guidelines place the burden of proving an inability to pay a fine squarely on the defendant." United States v. Fair, 979 F.2d 1037, 1041 (5th Cir. 1992); see U.S.S.G. § 5E1.2(a). The district court's statements at sentencing, when read as a whole, indicate that the court's

reason for imposing the fine was the burden set forth in U.S.S.G. § 5E1.2(a), not Areche's failure to cooperate with the probation office.  The Fifth Amendment thus was not implicated.

Areche contends, for the first time on appeal, that his sentence was imposed in violation of Blakely v. Washington, 125 S. Ct. 21 (2004).  Although Areche's brief was written prior to the Supreme Court's decision in Booker, 125 S. Ct. 738, Areche noted the pendency of Booker and he asserted that the Supreme Court's decision in Booker might validate his argument.  Because we must vacate Areche's sentence due to the misapplication of U.S.S.G. § 3B1.1(a), we do not reach this argument.  See United States v. Southerland, ___ F.3d ___, No. 03-11319, 2005 WL 729469 at *7 (5th Cir. Mar. 31, 2005).

VACATED AND REMANDED FOR RESENTENCING.