# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2011

No. 10-30730
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN BRUM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CR-232-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stephen Brum appeals the district court's imposition of a fine of $5,000, following his guilty plea to assault by striking, beating, and wounding in violation of 18 U.S.C. §§ 113(a)(4) and 2. According to Brum, he presented evidence in his motion to modify the judgment that he could not pay the fine imposed by the district court. As such, he contends that under the holding of *United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir. 1992), the burden then shifted to the Government to show that he could in fact pay the fine. He asserts

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30730

that because the Government failed to do so, the district court plainly erred by imposing the fine without making specific findings regarding his ability to pay.

Because Brum failed to object to the imposition of the fine at sentencing, review is for plain error. *See United States v. McElwee*, __ F.3d __, 2011 WL 2686447, at *5 (5th Cir. July 12, 2011)(general objection to sentence does not preserve objection to the amount of the fine); *United States v. Brantley*, 537 F.3d 347, 351 (5th Cir. 2008). To show plain error, Brum must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). Brum has not made such a showing.

Brum's reliance on *Fair* is misplaced since no presentence report was prepared in his case. *See United States v. Hodges*, 110 F.3d 250, 252 (5th Cir. 1997); *United States v. Martinez*, 151 F.3d 384, 396 (5th Cir. 1998). At sentencing, Brum failed to present evidence of his inability to pay a fine, which the district court ordered could be paid in monthly installments once Brum was released onto supervised release. In its order denying Brum's motion to modify the judgment, the district court stated that it would reconsider modification of its payment terms based upon Brum's "actual [financial] circumstances." The district court adequately addressed Brum's post-judgment arguments regarding his alleged inability to pay. *See McElwee*, 2011 WL 268447, at *5 (court showed that it considered defendant's ability to pay). Under these circumstances, there was no error. *See Martinez*, 151 F.3d at 396; *United States v. Matovsky*, 935 F.2d 719, 723 (5th Cir. 1991); *United States v. Altamirano*, 11 F.3d 52, 53-54 (5th Cir. 1993); *United States v. Rodriguez*, 15 F.3d 408, 414-15 (5th Cir. 1994). Accordingly, the judgment of the district court is AFFIRMED.