# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2012

No. 11-30780
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS TULIO RUIZ, also known as Marco Tulio Ruiz, also known as Marco Tulio Santos-Ruiz, also known as Marcos Ruiz, also known as Marcos Santos, also known as Marco Santos M.S., also known as Marco Santos,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-92-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcos Tulio Ruiz appeals the district court's imposition of a $3,000 fine following his guilty-plea convictions for smuggling goods from the United States and fraud and misuse of a permanent resident card. Ruiz contends that the fine is unreasonable because, as the presentence report (PSR) determined, he does not have the ability to pay the fine given the economic conditions in Honduras.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also asserts, for the first time on appeal, that the fine is unreasonable because the Guidelines fine table is not grounded in the proper empirical data.

We review a sentencing decision for "reasonableness," applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The Guidelines state that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a); *see United States v. Fair*, 979 F.2d 1037, 1040 (5th Cir. 1992). The defendant bears the burden of proving that he is unable to pay a fine, and he may use the PSR as proof of inability to pay. *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002). If the district court adopts the PSR but "chooses to disregard the [PSR's] recommendation [on fines], it must make specific findings regarding the defendant's ability to pay a fine." *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999) (citing *Fair*, 979 F.2d at 1041).

In the instant case, the district court did not reject or depart from the adopted PSR's recommendation on a fine, and as a result, the court was not required to make specific findings regarding Ruiz's ability to pay the fine. Unlike the PSR in *Fair*, which explicitly stated that the defendant lacked either the present or the future capacity to pay a fine, *see Fair*, 979 F.2d at 1040, the PSR here determined only that based on Ruiz's "present financial status, it does not appear he has the ability to pay a fine." The district court's imposition of a fine payable in the future, therefore, did not contravene the PSR's recommendation. *Cf. United States v. Brantley*, 537 F.3d 347, 352 (5th Cir. 2008). Moreover, Ruiz's unreasonableness argument focuses on his inability to pay the fine once he is deported to Honduras, which he asserts has a much lower standard of living than the United States. However, the district court allowed for the possibility of any future hardships by ordering that the payment amount could either be increased or decreased depending on Ruiz's ability to pay. Under these circumstances, the district court did not abuse its discretion by imposing

the fine. *See United States v. Altamirano*, 11 F.3d 52, 53-54 (5th Cir. 1993); *United States v. Matovsky*, 935 F.2d 719, 723 (5th Cir. 1991).

Ruiz raised his empirical data argument for the first time in his reply brief. This court ordinarily does not consider such arguments. *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). Moreover, the argument is subject to plain error review only. *See United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir. 2008). We have consistently held that we will not second guess a within-guidelines sentence simply because the district court did not undertake an analysis of the empirical data underlying each guideline provision or because the particular guideline provision at issue is not empirically-based. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009). Accordingly, Ruiz cannot show any error, plain or otherwise. Ruiz's convictions and sentences are AFFIRMED.