## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

Lyle W. Cayce
Clerk

No. 11-30602
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL NAVA-PALACIOS, also known as Salvador Ruben Escamilla, also known as Salvador R. Escamilla, also known as Rafael Arreto-Palacios, also known as Rafael Matos-Palacios, also known as Rafael P. Nava,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-18-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Rafael Nava-Palacios (Nava) appeals the district court's imposition of a fine of $5,000 after his entry of a guilty plea to illegal use of a social security number and illegal reentry into the United States following previous deportation. Nava contends that the fine is unreasonable because, as the presentence report (PSR) determined, he does not have the ability to pay the fine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

given the economic conditions in Mexico. He also asserts that the fine is unreasonable because it constitutes an unwarranted disparity among similarly situated defendants convicted of illegal reentry.

The Guidelines state that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a); *see United States v. Fair*, 979 F.2d 1037, 1040 (5th Cir. 1992). The defendant bears the burden of proof of inability to pay a fine, and he may use the PSR as proof of inability to pay." *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002). If the district court adopts the PSR but "chooses to disregard the [PSR's] recommendation [on fines], it must make specific findings regarding the defendant's ability to pay a fine." *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999) (citing *Fair*, 979 F.2d at 1041).

In the instant case, the district court did not reject or depart from the adopted PSR's recommendation on a fine, and as a result, the court was not required to make specific findings regarding Nava's ability to pay the fine. Unlike the PSR in *Fair*, which explicitly stated that the defendant lacked either the present or the future capacity to pay a fine, the PSR here determined only that based on Nava's "present financial status, it does not appear he has the ability to pay a fine." The district court's imposition of a fine payable in the future, therefore, did not contravene the PSR's recommendation. *Cf. United States v. Brantley*, 537 F.3d 347, 352 (5th Cir. 2008). Moreover, Nava's unreasonableness argument focuses on his inability to pay the fine once he is deported to Mexico. At sentencing, however, the district court explicitly stated that payment of the fine was "subject to [Nava's] deportation." Although the judgment does not expressly state the condition that payment of the fine is subject to Nava's deportation, the district court's oral pronouncement of the condition at sentencing controls. *See United States. v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Under these circumstances, there was no abuse of

discretion on the part of the district court in imposing the fine. *See United States v. Matovsky*, 935 F.2d 719, 723 (5th Cir. 1991); *United States v. Altamirano*, 11 F.3d 52, 53-54 (5th Cir. 1993). However, the judgment's failure to expressly state the condition that Nava's payment of the fine is subject to his deportation, constitutes a clerical error that is correctable on remand pursuant to FED. R. CRIM. P. 36.

Additionally, Nava's argument regarding the need to avoid unwarranted sentencing disparities among defendants convicted of illegal reentry, which he raises for the first time on appeal, is unavailing since Nava was convicted of illegal reentry and illegal use of a social security card. Nava has not established the existence of any sentencing disparity because he does not cite to any evidence that fines have not been imposed in cases with similar facts. *See United States v. Sanchez-Ramirez*, 497 F.3d 531, 535 n.4 (5th Cir. 2007); *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Thus, he has failed to show any error, plain or otherwise, with respect to the imposition of the fine by the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Accordingly, Nava's convictions and sentences are AFFIRMED. The case is REMANDED for correction of the clerical error pursuant to FED. R. CRIM. P. 36.