# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-41269
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE COLON,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-466-6

—————

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Rene Colon pleaded guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The district court sentenced Colon to 12 months and one day of imprisonment followed by two years of supervised release. It also imposed a $25,000 fine and ordered restitution of $50,000. Colon argues on appeal that the district court reversibly erred in imposing a $25,000 fine given

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the purported determination in his presentence report (PSR) that his ability to pay a fine was limited.

Colon did not argue before the district court, as he now does on appeal, that the fine imposed is improper because it is greater than the PSR's purported fine recommendation, nor did he lodge a specific objection to the $25,000 amount of the fine. Because the district court did not have the opportunity to address the "gravamen" of Colon's argument on appeal, review is for plain error. *See United States v. Garcia-Perez*, 779 F.3d 278, 282 (5th Cir. 2015); *see also United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011).

Relying primarily on *United States v. Fair*, 979 F.2d 1037 (5th Cir. 1992), Colon argues that the district court improperly disregarded the PSR's recommendation on a fine. In *Fair*, the district court imposed a $20,000 fine even though the PSR indicated that the defendant did not have the ability to pay a fine and recommended against imposing a fine. *Id*. at 1040. This court vacated the fine relying on prior caselaw holding that it is "error for the district court to adopt the PSR, and then depart from its recommendation on fines and cost of incarceration, absent any reasons for such a departure." *Id*. at 1041-42.

Here, unlike *Fair*, the PSR affirmatively determined that Colon had the ability to pay some level of a fine. Though the PSR suggested that a fine "possibly lower" than the applicable guidelines range would be appropriate, this is far from an affirmative recommendation of a fine below the guidelines range as Colon argues. The $25,000 fine is also within the guidelines range of $10,000 to $95,000 and is therefore presumptively reasonable. *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 221 (5th Cir. 2015). The district court did not plainly err in imposing a fine in Colon's case. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is AFFIRMED.