# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

No. 20-60633
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fortrell Latrae Sain,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-62-3

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Fortrell Latrae Sain appeals his conviction following a jury trial of conspiracy to possess with intent to distribute five kilograms or more of cocaine and his sentence of, inter alia, 210 months in prison and a fine of $10,000. He raises six issues on appeal.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60633

First, Sain asserts that the district court violated his Sixth Amendment rights by preventing him from fully cross-examining the confidential informant (CI) involved in his case. We review a Confrontation Clause claim de novo, subject to a harmless-error analysis. *United States v. Gentry*, 941 F.3d 767, 781 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2731 (2020). In the absence of a constitutional violation, however, we review a limitation of cross-examination only for abuse of discretion. *United States v. Roussel*, 705 F.3d 184, 194 (5th Cir. 2013).

Sain's Confrontation Clause claim is unpersuasive. Defense counsel had multiple opportunities to highlight the CI's motivation to lie in the instant matter based on his criminal history, immigration status, and financial incentives, i.e., being paid by the government for building cases. *See United States v. McCullough*, 631 F.3d 783, 791 (5th Cir. 2011); *United States v. Skelton*, 514 F.3d 433, 443 (5th Cir. 2008). Moreover, Sain does not identify what further information he would or could have elicited on these subjects that would have given the jury a "significantly different" view of the CI's credibility. *See Gentry*, 941 F.3d at 781. As to the CI's conduct in a prior, unrelated investigation, the lack of connection between the CI's conduct and the dismissal of either that prior case or the instant matter supports the district court's conclusion that the evidence was at best only marginally relevant and thus subject to limitation. *See id.*; *Skelton*, 514 F.3d at 442–43. With respect to the CI's driver's license and alleged drug use, the district court permitted sufficient cross-examination. *See United States v. Maloof*, 205 F.3d 819, 829 (5th Cir. 2000). In any event, we conclude that any error in limiting cross-examination on these subjects was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986); *Skelton*, 514 F.3d at 443.

In his second challenge, Sain contends that the Government violated his due process rights by delaying or withholding potentially exculpatory evidence or evidence that could have been used for impeachment purposes.

*See Giglio v. United States*, 405 U.S. 150, 152–54 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). We review de novo Sain's claims of violations under *Brady*. *United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005). Even if the alleged evidence (phone recordings) exists, which Sain has not demonstrated, Sain fails to demonstrate that the evidence would support a *Brady* claim. *See United States v. Edwards*, 442 F.3d 258, 266 (5th Cir. 2006); *Hughes v. Johnson*, 191 F.3d 607, 629–30 (5th Cir. 1999). Sain also fails to show that the Government "suppressed" the identity of a potential witness. *See United States v. Sipe*, 388 F.3d 471, 487 (5th Cir. 2004). Finally, Sain does not contend, much less show, prejudice to his substantial rights from any delays. *See United States v. Dailey*, 868 F.3d 322, 328 (5th Cir. 2017).

In his third assignment of error, Sain contends that the Government engaged in sentencing factor manipulation in violation of his due process rights by increasing the drug deal to involve 25 kilograms of cocaine. Sain's objections at sentencing did not alert the district court to the nature of the error he alleges here, so we review only for plain error. *United States v. Perryman*, 965 F.3d 424, 427 (5th Cir. 2020), *cert. denied*, No. 20-6640, 2021 WL 1520860 (U.S. Apr. 19, 2021). Because this court has not explicitly recognized sentencing entrapment or sentencing factor manipulation as a cognizable defense, *see United States v. Stephens*, 717 F.3d 440, 446 (5th Cir. 2013); *United States v. Tremelling*, 43 F.3d 148, 150–52 (5th Cir. 1995), Sain cannot show a clear or obvious error, *see United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). This issue lacks merit.

In his fourth challenge, Sain asserts the district court should have applied a mitigating role reduction to his Sentencing Guidelines offense level. *See* U.S.S.G. § 3B1.2. But the district court's denial of the mitigating role adjustment based on its finding that Sain undervalued his role in the conspiracy is plausible considering the record. *See* § 3B1.2, comment. (n.3(C)(i)–(v)); *United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir.

2017).  Sain also fails to show that the district court clearly erred in denying him a role adjustment.  *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Sain contends in his fifth challenge that the district court erred in imposing a $10,000 fine without making a specific finding that he could afford to pay a fine.  *See* U.S.S.G. § 5E1.2(a); *United States v. Fair*, 979 F.2d 1037, 1040 (5th Cir. 1992).  Sain did not raise this issue during sentencing.  Because the district court adopted the presentence report and followed its recommendations on the fine, Sain fails to show the district court plainly erred.  *See United States v. Brantley*, 537 F.3d 347, 351–52 (5th Cir. 2008); *cf. Fair*, 979 F.2d at 1042.

In his final assertion, Sain states that his counsel rendered ineffective assistance at trial and sentencing by failing to make "a detailed proffer of exactly what information he did receive in discovery" and failing to preserve the grounds now raised as to the sentencing factor manipulation and fine issues.  We decline to consider these claims without prejudice to Sain's raising them on collateral review.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Gordon*, 346 F.3d 135, 136 (5th Cir. 2003).

AFFIRMED.